IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERENCE A.W. GREEN, JR., <br><br> Plaintiff, <br><br> v. <br><br> THE WARDEN ROBERT DEAN, et al., <br><br> Defendants. | Civil Action No.: JKB-23-1289 |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Terence A.W. Green, Jr.'s filed this civil rights case alleging excessive force on May 15, 2023. ECF No. 1. Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment on December 5, 2023. ECF No. 18. On December 15, 2023, Plaintiff filed a Motion to Amend and Seal. ECF No. 21. Green seeks to add additional Defendants to this case and to seal this case. For the reasons that follow, the Motion will be denied.

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id.* Where the proposed amendment to the complaint is futile, this Court may deny leave to amend. Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: "a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the

requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.* 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Here, Plaintiff's amendment is a futility as he fails to provide any factual allegations against the Defendants he seeks to add to this case. Rather, he simply names them and seeks their addition to this case. Accordingly, the Motion for Leave to Amend will be denied.

Similarly, Plaintiff provides no basis for sealing this case. Confidential information may be subject to protection. Nevertheless, the common law presumes that the public and the press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). Further, the common law right of access is buttressed by a "more rigorous" right of access under the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). In addition to the common law and the First Amendment, the Local Rules provide a complementary layer of protection for the public interest in disclosure and access. Local Rule 105.11 requires a party seeking to seal documents to provide the court with "(a) proposed reasons supported by factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection."

Plaintiff has not provided any reason to seal the case, nor has he offered any explanation why alternatives to sealing would not provide sufficient protection. Accordingly, the Motion to Seal will be denied.

Lastly, Defendants attached as an exhibit to their dispositive motion a video of the use of force (ECF No. 18-4) and indicated arrangements would be made for Plaintiff to view the video (ECF No. 18-1 at 2, FN 1). In his opposition response, Plaintiff states that he has not been able to view the video. ECF No. 21. Defendants will be directed to make arrangements for Plaintiff to view the video evidence and will certify to the Court when they have done so. Plaintiff is granted 28 days after he views the video to file any additional opposition response to Defendants' dispositive motion.

Accordingly, it is by the United States District Court for the District of Maryland, hereby ORDERD that:

1. Plaintiff's' Motion to Amend and Seal (ECF No. 20) IS DENIED;

2. Defendants SHALL ARRANGE for Plaintiff to view the video evidence filed in this case and SHALL CERTIFY to the Court when same has been accomplished;

3. Plaintiff IS GRANTED 28 days after viewing the video to file any additional opposition response.

Dated this 28 day of Feb., 2024.

FOR THE COURT:

James K. Bredar
Chief Judge

3